Petty *v.* Durall.

*Geo. G. Wright* and *J. C. Knapp*, for appellee.

————o ◆ o————

## PETTY *v.* DURALL.

Consent of parties can not authorize a person not a judge of the district court, to act in that capacity.
An appeal will lie from a judgment rendered without authority in the district court.

### Appeal from Monroe District Court.

*Opinion by* GREENE, J. The record shows that the presiding judge had, before his election, acted as attorney in the case. It was therefore agreed that Geo. May, Esq., should officiate as judge on the trial. This court has repeatedly decided that no person can be authorized to act as district judge by agreement of parties. No person can be authorized to act in that capacity, unless elected as provided by the constitution and laws of the state. The judgment having been rendered by the order of a person not authorized by law to act, it must be reversed.

But it is claimed that, as there was no legal judgment to appeal from, this court cannot entertain jurisdiction of the appeal, and that it should therefore be dismissed at the cost of the appellant.

The record shows that there was a judgment, in form, entered in the district court   Although a judgment *coram non judice*, it was still a judgment—a judgment from which an appeal will lie. By the court below, it was regarded as a valid judgment. To correct this illegal adjudication, the appeal was taken. The right to appeal is by no means limited to legal judgments. The great object of an appeal is to show that the judgment is not legal, and that it should be reversed.

This appeal must therefore be at cost of appellee.

Judgment reversed.

*Wm. Penn Clarke*, for appellant.

*H. B. Hendershott*, for appellee.